UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HEARD,<br>　　　　　Plaintiff,<br>　v.<br>DAMON JACKSON, et al.,<br>　　　　　Defendants. | Case No. 21-cv-09472-JSC<br><br>**ORDER GRANTING LEAVE TO AMEND**<br><br>Re: Dkt. No. 55 |

　　　　Plaintiff initially sued Sergeant Damon Jackson and the City and County of San Francisco ("the City") under 42 U.S.C. § 1983. (Dkt. No. 1.) After Defendants moved to dismiss the complaint, Plaintiff filed a first amended complaint ("FAC"). (Dkt. No. 26.) After Defendants again moved to dismiss the FAC, (Dkt. No. 27), the Court allowed a claim against the City to proceed, but granted Sergeant Jackson's motion to dismiss. (Dkt. No. 27 at 1.) Specifically, the Court dismissed Plaintiff's claim Jackson withheld exculpatory evidence because "drawing all reasonable inferences in Plaintiff's favor, the amended complaint can only support an inference that Jackson shared the exculpatory evidence with District Attorney investigators." (*Id.* at 5.)

　　　　The Court dismissed the claims against Jackson without leave to amend. (*Id.* at 10.) The Court wrote the "record as to Defendant Jackson is well-developed from the earlier court proceedings and there are no facts that Plaintiff could in good faith allege to show that Jackson is individually liable." (*Id.*)

　　　　Plaintiff now moves to file a second amended complaint ("SAC"). The proposed SAC would again bring claims against Jackson. Plaintiff argues amendment is warranted because Jackson recently testified that he never told the district attorney's office about his impressions from the video. (Dkt. No. 55-2 at 6.)

Leave to amend is warranted here. "In general, a court should liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing Fed. R. Civ. P. 15(a)). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Id.* (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Id.* (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). Plaintiff makes a good faith showing he can allege material facts that differ from those in the FAC. Plaintiff acted promptly after learning of this information. The deadline to move or stipulate to amend the pleadings has not passed. (Dkt. No. 45.) And the City has not put forward any evidence or argument that such an amendment will cause prejudice or hardship.

Thus, under Rule 15's liberal standard, the Court GRANTS leave to amend. The Case Management Conference set for April 27, 2023 at 1:30 p.m. via Zoom Video remains on the Court's calendar. A joint statement is due one week in advance.

**IT IS SO ORDERED.**

This Order disposes of Dkt. Nos. 54, 55, 56, 57.

Dated: March 3, 2023

JACQUELINE SCOTT CORLEY
United States District Judge